UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

PETER KLEIDMAN,

Plaintiff,

v.

ADMINISTRATIVE PRESIDING JUSTICE ELWOOD LUI, et al.,

Defendants.

Case No. 2:24-cv-02353-PA-JDE

ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED

## I.

## INTRODUCTION

On March 20, 2024, Peter Kleidman ("Plaintiff"), proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 against Justice Elwood Lui. Dkt. 1 ("Complaint"). The Complaint alleged that Justice Lui violated Plaintiff's right of access to the courts by denying his request to file an appeal from an adverse judgment. On June 18, 2024, Justice Lui filed a Motion to Dismiss the Complaint, alleging the Court lacks subject matter jurisdiction pursuant to the Rooker-Feldman doctrine, among other issues. Dkt. 11 ("Motion").

On July 9, 2024, Plaintiff filed a First Amended Complaint ("FAC"), making the FAC the operative complaint and mooting the Motion. Dkt. 14. The FAC names Justice Lui and Chief Judge Mary H. Murguia of the United States Court of Appeals for the Ninth Circuit as defendants. Plaintiff alleges a violation of his right of access to the courts against Justice Lui for denying a request to file an appeal by a vexatious litigant. FAC at 2-4. Plaintiff also raises due process and equal protection claims against Chief Judge Murguia, challenging the Ninth Circuit's Rule of Interpanel Accord ("RIA"), "two-tiered system whereby some decisions have precedential value and others do not," and "practice of disposing of cases with perfunctory decisions." Id. at 4-10.

Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Based on a review of Plaintiff's FAC, it appears the Court lacks subject matter jurisdiction over this action.

## II.

## STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013) (citation and internal quotation marks omitted). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Stevedoring Servs. of Am., Inc. v. Eggert, 953 F.2d 552, 554 (9th Cir. 1992) (as amended) (citation omitted). Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); Scholastic Ent., Inc. v. Fox Ent. Grp., Inc., 336 F.3d 982, 985 (9th Cir. 2003); Fed. R. Civ. P. 12(h)(3).

/ / /

/ / /

## III.

## DISCUSSION

### A. The Court Appears to Lack Jurisdiction Over Plaintiff's Claim Against Justice Lui Under the *Rooker-Feldman* Doctrine

Plaintiff was previously designated a vexatious litigant in state court, subject to a prefiling order. In this action, Plaintiff challenges Justice Lui's denial of a request by a vexatious litigant to file an appeal of an adverse judgment in superior court. FAC at 2-3. However, as Plaintiff has been repeatedly notified in his prior actions, federal district courts lack subject matter jurisdiction over a de facto appeal from a state court judgment. See Kleidman v. Willhite, et al., Case No. 2:20-cv-2365-PSG-JDE (C.D. Cal.) ("First Action"), Dkt. 28 at 8-16; Kleidman v. Collins, et al., Case No. 2:22-cv-03263-CJC-JDE (C.D. Cal.) ("Second Action"), Dkt. 23 at 6-9; Kleidman v. RFF Family Partnership, LP, et al., Case No. 2:22-cv-03947-SPG-AFM (C.D. Cal.) ("Third Action"), Dkt. 39 at 5-6; Kleidman v. Cal. Court of Appeal for the Second Appellate District, et al., Case No. 20-56256 (9th Cir.) ("Prior Appeal"), Dkt. 35 at 2-3, cert. denied, Case No. 22-725 (Apr. 17, 2023).

Under the Rooker-Feldman doctrine, a federal district court may not exercise subject-matter jurisdiction over a de facto appeal from a state court judgment. Noel v. Hall, 341 F.3d 1148, 1154, 1156 (9th Cir. 2003) (citing Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983)). Congress, in 28 U.S.C. § 1257, vests the United States Supreme Court, not the lower federal courts, with appellate jurisdiction over state court judgments. Lance v. Dennis, 546 U.S. 459, 463 (2006) (per curiam). "Review of such judgments may be had only in [the Supreme] Court." Feldman, 460 U.S. at 482.

The Rooker-Feldman doctrine governs "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before

the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). In determining whether an action functions as a de facto appeal, courts "pay close attention to the relief sought by the federal-court plaintiff." Bianchi v. Rylaarsdam, 334 F.3d 895, 900 (9th Cir. 2003) (citation omitted). "Rooker-Feldman bars any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate [his] claims." Id. at 901 (citation and footnote omitted). "It is a forbidden de facto appeal under Rooker-Feldman when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." Noel, 341 F.3d at 1163; Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008) ("[t]he clearest case for dismissal based on the Rooker-Feldman doctrine occurs when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." (alteration in original) (citation omitted)). District courts do not have jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." Feldman, 460 U.S. at 486; Benavidez v. County of San Diego, 993 F.3d 1134, 1142 (9th Cir. 2021) (explaining that the Rooker-Feldman doctrine applies "'even where the challenge to the state court decision involves federal constitutional issues,' including section 1983 claims" (citation omitted)). Further, allegations that are inextricably intertwined with the state courts' judgment are subject to dismissal under the Rooker-Feldman doctrine. See Noel, 341 F.3d at 1158; Bianchi, 334 F.3d at 898.

The relief Plaintiff seeks—a declaration that he "has the constitutional right to be allowed entry into DCA2" and an injunction "commanding AP

Justice Lui to allow [him] into DCA2 so that [he] can prosecute his appeal"—constitutes a de facto appeal of the state court's denial of authorization to file an appeal by a vexatious litigant. The Ninth Circuit has repeatedly determined that the Rooker-Feldman doctrine precludes a plaintiff from challenging the application of a vexatious litigant order. See, e.g., Earls v. Greenwood, 816 F. App'x 155, 155 (9th Cir. 2020); Giampa v. Duckworth, 586 F. App'x 284, 285 (9th Cir. 2014); see also Bashkin v. Hickman, 411 F. App'x 998, 999 (9th Cir. 2011) (challenge to vexatious litigant order barred by Rooker-Feldman doctrine). District courts within the Ninth Circuit also have determined that challenges to the application of a state court vexatious litigant order are barred by the Rooker-Feldman doctrine. See, e.g., Westin v. City of Calabasas, 2023 WL 4289336, at *3 (C.D. Cal. Jan. 25, 2023), accepted by 2023 WL 4289519 (C.D. Cal. May 29, 2023); Rupert v. Atack, 2011 WL 320230, at *2 (N.D. Cal. Jan. 28, 2011). As Plaintiff seeks precisely the type of relief that the Supreme Court and the Ninth Circuit have instructed is outside the subject-matter jurisdiction of district courts, it appears Plaintiff's claim against Justice Lui is barred by the Rooker-Feldman doctrine.

**B. The Court Appears to Lack Jurisdiction Over Plaintiff's Claims Against Chief Judge Murguia**

Plaintiff also challenges the Ninth Circuit's RIA, "two-tiered system," and "practice of disposing of cases with perfunctory decisions," naming Chief Judge Murguia as a defendant. As explained below, it appears Plaintiff lacks Article III standing to raise these challenges.

Article III of the United States Constitution limits the jurisdiction of federal courts to actual cases and controversies. "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III" and contains three elements: (1) the plaintiff must have suffered an injury in fact that is concrete and particularized and actual or

imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the challenged conduct; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992); see also DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 (2006).

In the context of injunctive and declaratory relief, the plaintiff must show that he has suffered or is threatened with a "'concrete and particularized' legal harm, . . . coupled with 'a sufficient likelihood that he will again be wronged in a similar way.'" Canatella v. California, 304 F.3d 843, 852 (9th Cir. 2002) (as amended) (citations omitted). A plaintiff must do more than show a past injury, San Diego Cty. Gun Rights Comm. v. Reno, 98 F.3d 1121, 1126 (9th Cir. 1996) ("Because plaintiffs seek declaratory and injunctive relief only, there is a further requirement that they show a very significant possibility of future harm; it is insufficient for them to demonstrate only a past injury"), abrogated in part on other grounds as recognized by Libman v. United States, 2024 WL 2269271, at *1 (9th Cir. May 20, 2024); Scannell v. Wash. State Bar Ass'n, 2014 WL 12907843, at *4 (W.D. Wash. Mar. 10, 2014) ("because Plaintiff can achieve only prospective relief under Rooker-Feldman, '[p]ast deprivation by itself is not enough to demonstrate the likelihood of future deprivations" (alteration in original) (citation omitted)), and a mere claim that he "suffers in some indefinite way in common with people generally" does not state an Article III case or controversy. Lujan, 504 U.S. at 574 (citation omitted); Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 821 (9th Cir. 2002) (explaining that "the injury that a plaintiff alleges must be unique to that plaintiff, one in which he has a 'personal stake' in the outcome of a litigation seeking to remedy that harm").

Plaintiff has been repeatedly advised of the Article III standing requirement. See First Action, Dkt. 28 at 17-18; Second Action, Dkt. 23 at 10-

11; Third Action, Dkt. 39 at 8-9. Nonetheless, Plaintiff again seeks to assert constitutional challenges to various rules and/or practices despite apparent lack of standing. As Plaintiff concedes (FAC at 8), he previously challenged the Ninth Circuit's two-tiered system and the Court found he lacked standing to challenge this system. See First Action, Dkt. 28 at 22-24; Dkt. 33. That decision was affirmed by the Ninth Circuit. Prior Appeal, Dkt. 35 at 3. Plaintiff asserted another challenge in the Second Action, and the Court found the renewed claim was barred by res judicata. See Second Action, Dkt. 23 at 12. While Plaintiff offers various arguments regarding why the First Action should not have any preclusive effect, Plaintiff has provided no basis for a finding that he has standing to assert this claim. As he did in the First Action, he speculates that his case ultimately will be decided by the Ninth Circuit in a non-precedential decision based on Ninth Circuit statistics, such that he "now has standing for this pre-enforcement challenge to the validity of this practice." FAC at 9. However, as in the First Action, Plaintiff's alleged injury is entirely speculative. The Court's prior analysis of this issue equally applies to the current challenge. As the Court previously explained:

> The mere existence of this rule, which may or may not be applied to Plaintiff in the future, is not sufficient to create a case or controversy within the meaning of Article III. See Stoianoff v. Montana, 695 F.2d 1214, 1223 (9th Cir. 1983) (finding that plaintiff failed to show "any real or threatened injury at the hands of persons acting under the authority granted by the statute" and as such, he lacked standing to challenge advertising prohibition of statute (citation omitted)); see also Schmier, 279 F.3d at 821-822 (alleged "speculative loss of some alleged right in citing and relying on an unpublished decision someday" did not establish a legally cognizable injury). "A plaintiff may allege a future injury in

order to comply with [the injury-in-fact] requirement, but only if he or she 'is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury is both real and immediate, not conjectural or hypothetical.'" Scott v. Pasadena Unified Sch. Dist., 306 F.3d 646, 656 (9th Cir. 2002) (citation omitted); Stoianoff, 695 F.2d at 1223 (explaining that the "plaintiff must demonstrate a genuine threat that the allegedly unconstitutional law is about to be enforced against him").

Here, Plaintiff's alleged injury is entirely speculative, based on multiple levels of conjecture and hypothetical future events. Plaintiff claims that if he loses in this Court, he intends to appeal, which, he claims, will result in a high probability that his case ultimately will be decided by an unpublished decision of the Ninth Circuit. He asserts that most decisions from the Ninth Circuit are unpublished, which he claims, without support, results in more erroneous decisions. However, only if he hypothetically lost in the district court, then hypothetically lost substantively in the Ninth Circuit, then hypothetically lost on a request for a published opinion, then hypothetically lost a request for en banc review, and finally, hypothetically was denied certiorari by the Supreme Court, would an unpublished decision harm him based on a hypothetical belief, not supported by any data, that the decision is more likely to be wrong even though under the Ninth Circuit and general rules of appellate procedure the opinion is available and can be referenced but does not have precedential value. Plaintiff has failed to allege an imminent threat of future harm based on such a hypothetical situation. As such, Plaintiff lacks standing to pursue

his challenges to Ninth Circuit Rule 36-3. See Cent. for Biological Diversity v. Bernhardt, 946 F.3d 553, 560 (9th Cir. 2019) (alleged injury based on "speculative chain of future possibilities" did not satisfy Article III standing).

First Action, Dkt. 28 at 22-24. As in the First Action, it appears Plaintiff lacks standing to pursue his challenge to the Ninth Circuit's two-tiered system.

Similarly, Plaintiff lacks standing to challenge the RIA and the Ninth Circuit's practice of issuing perfunctory decisions. With respect to the RIA challenge, this claim also has been raised before. The Court previously found in the Second Action that this claim was meritless. Second Action, Dkt. 23 at 10 n.1. Putting aside whether res judicata applies here, Plaintiff has not shown he has suffered an injury in fact. As with his challenge to the Ninth Circuit's two-tiered system, Plaintiff again speculates that this action will be determined on appeal and the Ninth Circuit "will adhere" to the RIA. FAC at 4. Plaintiff relies on this same conjecture in support of his challenge to perfunctory decisions. As with his other claims, he asserts that "[t]here is a substantial likelihood (based on Ninth Circuit statistics) that this case will be decided on appeal with a perfunctory memorandum or order, and so [he] now has standing to challenge the validity of this practice as a pre-enforcement challenge." Id. at 10. The FAC does not allege facts sufficient to establish an injury in fact that is fairly traceable to Chief Judge Murguia. As the Court has repeatedly emphasized, this type of conjecture, does not satisfy Article III standing. As such, it appears the Court lacks subject matter jurisdiction over Plaintiff's claims against Chief Judge Murguia.

**C. Leave to Amend Does Not Appear Warranted**

Plaintiff have been repeatedly apprised of these jurisdictional issues. The FAC suffers from the same defects previously identified in Plaintiff's prior actions. Despite notice of these defects, Plaintiff has failed to correct any of the

defects in the instant action. It is apparent that the foregoing deficiencies are not the result of inartful pleading but are instead the result of legal deficiencies that cannot be cured by further amendment. Thus, it appears further leave to amend is not warranted. See, e.g., Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is no need to prolong the litigation by permitting further amendment" where the "basic flaw" in the pleading cannot be cured by amendment).

## IV.

## CONCLUSION AND ORDER

Plaintiff is therefore ORDERED TO SHOW CAUSE why this action should not be dismissed by filing a written response within ten (10) days from the date of this Order setting forth any valid legal and/or factual reasons or arguments why the Court should not find that it lacks subject matter jurisdiction over this action.

In addition, Plaintiff is ORDERED to take no action to serve Chief Judge Murguia and no summons shall issue for Chief Judge Murguia pending further order of the Court. Justice Lui's time to respond to the FAC is stayed pending further order from the Court.

**A failure to timely file a response to this Order may result in the dismissal of the action for lack of subject matter jurisdiction, for failure to prosecute, and failure to comply with Court orders. See Fed. R. Civ. P. 41(b)**

IT IS SO ORDERED.

Dated: July 12, 2024

JOHN D. EARLY
United States Magistrate Judge